IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-MC-3-BO

| | | |
|---|---|---|
| DANIEL J. WILLIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| TOWN OF TRENTON, NORTH CAROLINA, *et al.*, | ) | |
| Defendant. | ) | |

Plaintiff seeks leave to file a complaint in this Court. Plaintiff is currently the subject of two prefiling injunctions, one entered by this Court and one by the Fourth Circuit. The Fourth Circuit has enjoined plaintiff

> from filing pleadings in any pending lawsuit, or commencing, or attempting to initiate any new lawsuit, action, proceeding, or matter in the United States District Court for the Eastern District of North Carolina against any person or entity in forma pauperis without first obtaining leave of the court to so proceed.

*Prefiling Injunction, Willis v. Town of Trenton,* No. 96-2066 (4th Cir. Mar. 17, 1997), *see also Willis v. Town of Trenton*, No. 4:96-CV-6-H (E.D.N.C. Apr. 5, 2002) (enjoining plaintiff from filing any additional cases in this district against the Town of Trenton without prior approval). In its injunction, the court of appeals further held that in seeking leave to file a complaint, plaintiff shall file a motion for leave supported by an affidavit which states concisely the following:

> (1) the names of all proposed defendants; (2) the primary factual allegations upon which Willis' claim or pleading is based; (3) the legal basis for the claim pleading; (4) whether Willis has previously litigated the claim in any court or administrative forum; (5) whether Willis ever sued the named defendants in any other civil case; (6) if Willis has previously sued any named defendant, he will

indicate the case name, court, date, and outcome; and (7) a listing of all other cases previously filed.

*Id.* Upon such filing the court will consider whether a legal claim has been stated, and failure to comply with the requirements of the prefiling injunction in any way will result in the motion for leave not being considered. *Id.*

In support of the instant motion for leave, plaintiff has attached an affidavit which provides that the factual allegations upon which his claim or pleading are based is "Due Process and Equal Protection," and the legal basis for his claim or pleading is "42 U.S.C.A. Section 1983." Plaintiff has plainly failed to comply with the Fourth Circuit's directive and the Court need not consider his motion for leave. Moreover, having reviewed plaintiff's proposed complaint, no legal claim has been stated. Plaintiff appears to seek to re-litigate the propriety of his prefiling injunctions, contending that defendants are a secret society that entered into a scheme to interfere with the judicial machinery. Plaintiff cites an order by this Court entered in 1995 declining to impose a prefiling injunction at that time as the basis for his complaint. *See* No. 7:95-MC-17-F (E.D.N.C. Oct. 12, 1995).

## CONCLUSION

Accordingly, having carefully considered plaintiff's filings, the Court determines that plaintiff has failed to comply with the requirements of the prefiling injunctions and plaintiff's motion for leave [DE 1] is DENIED. The remaining pending motion [DE 4] is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this 2 day of February, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2